**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CRAIG KENNEDY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |

1:10-cv-0007-LJM-JMS

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

**I.**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). This statute gives a district court jurisdiction to grant relief from a federal conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Mr. Kennedy's Rule 60(b) motion has been properly processed by the clerk as a new civil action brought pursuant to 28 U.S.C. § 2255.  In light of the disposition required of such motion, moreover, there is no point in providing Kennedy with specific notice of this treatment. *See Castro v. United States,* 540 U.S. 375 (2004).

**II.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The motion of Craig Kennedy for relief pursuant to 28 U.S.C. § 2255 fails this test and the action must therefore be dismissed. This conclusion rests on the following facts and circumstances:

1.	Kennedy was convicted of two drug offenses in this District in No. IP 92-133-CR-01 and is now serving the executed portion of the sentence imposed for such offenses.

2.	Kennedy previously filed an action seeking the same relief, also pursuant to 28 U.S.C. § 2255. This prior action was docketed as No. IP 97-0647-C-D/F and was dismissed with prejudice in a Judgment entered on the clerk's docket on August 26, 1997. Both this court and the Court of Appeals declined to issue a certificate of appealability.

3.	When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d

770, 770 (7th Cir. 2000). The disposition of the prior § 2255 action in No. IP 97-0647-C-D/F was an adjudication "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

4.      In enacting the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress altered the method by which prisoners may obtain relief on a second or successive § 2255 motion. Pursuant to the AEDPA:

> No . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Section 2255(f) begins: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." The "motion" to which this language refers must be the kind of motion described by § 2255(a)--one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Valona v. United States,* 138 F.3d 693 (7th Cir. 1998).

5.      This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'"

6.      With the prior § 2255 action having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court*. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   _01/08/2010_ 

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana